# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| LEO WINER, et al., )<br>            Plaintiffs,  )<br>vs.  )<br>STEVEN A. STRICKLAND, et al., )<br>            Defendants.  ) | Case No.  2:13-cv-00231-RCJ-CWH<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion to Extend Time for Service (#21), filed June 12, 2013.

Plaintiffs request an additional forty-five (45) days to serve Defendant Steven Strickland. The time for service under Fed. R. Civ. P. 4(m) expired on the date the motion was filed. Plaintiffs' counsel designated the motion as both an "emergency" and "unopposed." Presumably, the motion was filed as an "emergency" because it was filed on the day that the time for service expired under Rule 4(m).  The timing of the filing of a motion in relation to a pending deadline does not, necessarily, require the motion to be heard on an emergency basis.  Plaintiffs have known for at least 120 days of the need to effectuate service.  Waiting until the eve of a deadline to request relief does not make the motion an emergency.[1]  The motion was also improperly designated as unopposed.  The party who would be in position to oppose the motion has not been served.  In actuality, this is an *ex parte* motion to extend the time for service under Rule 4(m).

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] The Court further notes that the motion does not comply with the requirements of LR 7-5(d).

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337. The Court has reviewed the motion and accompanying materials and is satisfied that there is good cause to extend the date for service an additional forty-five (45) days. Service must be accomplished in a manner consistent with Federal Rule of Civil Procedure 4. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Extend Time for Service (#21) is **granted**. Plaintiffs shall have until **July 29, 2013** to effectuate service.

DATED: June 14th, 2013.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**