# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Leo Winer,

    Plaintiff,

v.

Steven A. Strickland, et al.,

    Defendants.

Case No. 2:13-cv-231-JAD-CWH

**Order Granting in Part and Denying in Part Motion for Entry of Default [Doc. 37] and Directing Entry of Default against Paul Strickland**

    Leo Winer, as Trustee of his own trust and Successor Trustee of his longtime friend Michael Pepitone's trust, sues Steven A. Strickland, Advantage Trading Co., Paul Strickland, Jr., and others for an alleged investment scam that bilked these elderly men out of hundreds of thousands of dollars of their retirement savings. Doc. 1 at 1. Winer now seeks entry of default against Advantage Trading and the Stricklands under Federal Rule of Civil Procedure 55. Doc. 37. It appears that Paul Strickland was properly served with the summons and complaint and that default may be entered against him. But I cannot reach the same conclusion as to Steven Strickland and Advantage. Although Winer's time to serve these two defendants has expired, leaving his claims against them vulnerable to dismissal without prejudice under Rule 4(m), I grant Winer 30 more days to either serve these defendants or show good cause why the claims against Steven Strickland and Advantage should not be dismissed under Rule 4(m).

1

## Background

Winer filed this action on February 12, 2013. Doc. 1. Summonses were returned executed for Advantage and both Stricklands. Docs. 18, 19, 20, 23. These docket entries reflect that Winer served Paul on May 7, 2013, by personally delivering a copy of the summons and complaint to his home in Tampa, Florida. Doc. 20. A week later, Winer delivered a copy of the summons and complaint to Advantage's registered agent for service of process at an undisclosed address. Doc. 19. On June 24, 2013, Winer effectuated "substitute service" on Steven in Florida by giving the summons to "Mr. Steven Perez who offered to . . . accept service after relating Steven . . . used the address but frequently comes and goes." Doc. 23 at 2.[1]

Winer amended his complaint on July 10, 2013, and purportedly served it on all three defendants by first class mail. Doc. 25-3 at 1. The addresses to which Steven and Paul's copies were mailed are identical to those appearing on their original summonses; Advantage's copy was mailed to "1821 Logan Ave., Cheyenne, Wy, 82001." *Id.* Winer now moves for entry of clerk's default against all three of these defendants, indicating generally that none of them has answered. Docs. 25; 37 at 2.

## Discussion

Under Federal Rule of Civil Procedure 55, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[2] This rule presupposes that the court has personal jurisdiction over the defendant, and "service of process is the means by which a court asserts jurisdiction over the person."[3] When personal service is required, failure to perfect it is fatal to a lawsuit.[4] Rule 4(m) requires service of the

---

[1] The affidavit refers to "Eric Perez," and in the "comments" section of the service form Perez is referred to as "Steven" Perez. Doc. 23 at 1-2.

[2] Fed. R. Civ. Proc. 55(a).

[3] *Securities and Exchange Commission v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted).

[4] *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987).

2

Summons and Complaint to be completed within 120 days.[5] Rule 4(c) further provides that "The plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[6]

**A.   Paul and Steven Strickland**

Proper service on an individual within a United States jurisdiction under Rule 4(e) requires personal service: leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or delivering a copy to an agent authorized to accept service of process.[7] Paul and Steven Strickland could also be served by the methods identified by the law of either the state where the district court is located (i.e., Nevada) or the state where service is made (here: Florida).[8]

Under these standards, there is little question that Paul was properly served. He was personally served with Winer's original complaint at his home on May 7, 2013—an acceptable form of service under FRCP 4(e)(1) and NRCP 4(d)(6). Doc. 20. Paul was then served with a copy of the amended complaint by first class mail on July 10, 2013. Doc. 25-3 at 1. Since being served, Paul has failed to respond to the complaint within the time period specified by the federal rules, and a clerk's entry of default is now warranted.

Steven is another matter. The record reflects that process server Darel Dougherty attempted to serve Steven personally on several occasions in May and June 2013 at an address that Paul Strickland (Steven's brother) provided. Doc. 23 at 2. The "Server's Comments" to the summons reflect that an investigator named "Ms. Horn" was informed by Steven's landlord that Steven had moved out in May and the landlord did not have information on his current whereabouts. *Id.* On June 24, 2013, Dougherty served the

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *See* Fed. R. Civ. Proc. 4(e)(1).

3

1 complaint via "substitute service" by giving a copy of the summons and complaint to "Eric
2 Perez as cohabitant" at a Tampa, Florida, address.  Doc. 23 at 1.  The server's notes,
3 however, reflect that "The Summons was given to Mr. Steven Perez who offered to accept
4 service after relating Steven A. Strickland used the address but frequently comes and goes."
5 *Id*. at 2.  The service address, "12251 Lexington Park Dr., Apt. 205, Tampa, FL 33626," does
6 not match any of the addresses where service was previously attempted by Dougherty or
7 Horn.  *See id.*

8 Based on these statements, Winer now concludes that Steven was served "at his
9 residence of record with the Florida registrar of voters," and that "receipt [was]
10 acknowledged by defendant on June 24, 2013."  Doc. 37 at 2.  Winer makes no colorable
11 attempt to demonstrate that this course of events constitutes legal service of process under
12 Rule 4.  His service attempt is also ultimately defective under Florida law, which requires
13 "[e]ach person who effects service of process [to] note on a return-of-service form attached
14 thereto, the date and time when it comes to hand, the date and time when it is served, the
15 manner of service, the name of the person on whom it was served and, if the person is served
16 in a representative capacity, the position occupied by the person.  The return-of-service form
17 must be signed by the person who effects the service of process."[9]  Failing to state these
18 required facts invalidates the service.[10]  The burden of proving effective service rests with the
19 party asserting jurisdiction, and service is presumed valid "if the return of service is regular
20 on its face."[11]  "However, if the return is defective on its face, then the return is not evidence
21 of service and the party seeking to invoke the court's jurisdiction must present evidence to
22 show effective service of process."[12]  A Florida appellate court in the second district in which

---

[9] Fla. Stat. Ann. § 48.21(1).

[10] *Id.* at § 48.21(2).

[11] *Koster v. Sullivan*, 103 So.3d 882, 884 (Fla. App. 2 Dist. 2012) (citing *Re-Employment Services, Ltd. v. National Loan Acquisitions Co.*, 969 So.2d 467 (Fla. App. 5 Dist. 2007), *review granted*, 130 So.3d 692, 2013 WL 6084275 (Fla. Oct. 31, 2013).

[12] *Id.*

4

Tampa, Florida, is located recently held that a return of service need only "identify[] the manner of service as substitute and otherwise fully comply[] with the express requirements of section 48.21" in order to establish the presumption of valid service.[13]

But even assuming *arguendo* that portions of Winer's service affidavit satisfy the "presumption" of valid service under section 48.21's limited requirements, other statements in the service return undermine it. The unsworn note that Steven Strickland was "substitute served" on "Mr. Steven Perez" at an address that Steven "used . . . but frequently comes and goes" is inconsistent with the sworn statement on the Proof of Service that the summons was left at Steven's "residence or usual place of abode with Eric Perez." *Compare* Doc. 23 at 2, *with id.* at 1. And there is no indication how the process server learned or believed that Steven Strickland would be at Perez's address. In light of these unresolved ambiguities, I cannot conclude that plaintiff has demonstrated that Steven Strickland was properly served with legal process of the summons and complaint such that this court obtained jurisdiction over him and can now enter default against him. Winer's motion for clerk's entry of default against Steven Strickland must be denied.

**B.     Advantage**

Service upon Advantage is also defective. Rule 4(h) governs service upon corporations; it provides that service in a judicial district of the United States may be made "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to . . . an agent authorized by appointment or by law to receive service of process."[14] The proof of service on Advantage states that the summons was delivered to Julie Leandes, who is designated by law to accept service of process on behalf of Advantage Trading Co., et al." Doc. 19. Where—even the state in which—this service was effectuated is anyone's guess. Without this information, I cannot even ascertain

---

[13] *Id* at 886. Florida's appellate courts disagree on the scope of statutory compliance required to create a presumption of regular service when an individual is served through a cohabitant. But this disagreement has no impact on this decision because the record evidence that the recipient of this "substituted service" was, in fact, a cohabitant is unreliable.

[14] Fed. R. Civ. Proc. 4(h)(1).

5

whether the summons was properly delivered under the laws of the state of service. Winer has not sufficiently demonstrated that Advantage failed to plead or otherwise defend as Rule 55(a) requires, and the request for a clerk's entry of default against Advantage must be denied.

**C.    30 Days to Complete Service or Show Cause Why the Court Should Not Dismiss**

Rule 4(m) states that "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[15] This case is now 20-months old, and almost 15 months have passed since Winer filed his First Amended Complaint. Docs. 1, 25. The evidence in the record fails to demonstrate that a summons and complaint were properly served on Steven Strickland or Advantage. Winer shall have until November 6, 2014, to either (1) file proof of proper service on Steven Strickland and Advantage; or (2) show good cause why his claims against Steven Strickland and Advantage should not be dismissed without prejudice under FRCP 4(m). If plaintiff fails to satisfy either of these options by November 6, 2014, his claims against Steven Strickland and Advantage will be dismissed without further prior notice.

**Conclusion**

Accordingly, it is HEREBY ORDERED that Winer's Motion for Entry of Default **[Doc. 37] is GRANTED in part and DENIED in part**:

- It is GRANTED as to defendant Paul Strickland. The clerk of court is instructed to enter default against Paul Strickland;
- It is DENIED as to defendants Steven Strickland and Advantage Trading Co., LLC.

It is FURTHER ORDERED that Winer has until November 6, 2014, to either (1) file

---

[15] *Id.* at 4(m).

6

proof of service on Steven Strickland and Advantage, or (2) show good cause why his claims against Steven Strickland and Advantage should not be dismissed without prejudice under FRCP 4(m).  If plaintiff fails to satisfy either of these options by November 6, 2014, his claims against Steven Strickland and Advantage will be dismissed without further prior notice.

DATED: October 7, 2014.

_____
Jennifer A. Dorsey
United States District Judge

7