1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Leo Winer,<br><br>     Plaintiff<br><br>v.<br><br>Steven A. Strickland, et al.,<br><br>     Defendants | 2:13-cv-00231-JAD-CWH<br><br>**Order Setting Briefing Schedule on Motions to Withdraw as Counsel and to Bifurcate Claims and Requiring that the Current Trustee of the Michael J. Pepitone Trust Join or Substitute in as the Real Party in Interest or Show Cause Why that Trust's Claims Should Not Be Dismissed** |

     Leo Winer, as trustee of the Leo Winer Revocable Trust and successor trustee of the Michael J. Pepitone Trust (collectively as the Trusts), sued Steven A. Strickland, Advantage Trading Co., Paul Strickland, Jr., Margaret Adams, and VonWin Capital Management, L.P. under various legal theories for their part in an alleged scheme to defraud the Trusts out of their valuable interests in precious metal commodities.[1]  Winer voluntarily dismissed the claims against Margaret Adams without prejudice and the claims against VonWin Capital Management, L.P. with prejudice,[2] the Clerk of Court entered default against Paul Strickland, Jr.,[3] and I dismissed the claims against Steven A. Strickland and Advantage Trading Co. with prejudice.[4]

     Winer ceased being the trustee for the Trusts—and thus the real party in interest in this case—upon his death in September 2014.[5]  The successor trustee for the Leo Winer Trust is William J. Simon and the successor trustee for the Michael J. Pepitone Trust is Diane Barbagallo.[6]  After a dispute arose between the successor trustees about how to proceed in this

---

[1] ECF No. 25 (first amended complaint).

[2] ECF No. 34.

[3] ECF No. 39.

[4] ECF No. 42.

[5] ECF No. 46 at 1.

[6] *Id.*

1   case, and due to complexities of the Trusts' other matters, Simon requested an October 2015

2   status conference.[7]

3        I granted Simon's request and a telephonic status conference was held on October 26,

4   2015.[8]  At that conference, Simon informed me that he was ready to move for default judgment

5   against the remaining defendant, Paul Strickland, Jr. (Strickland), but required an order from the

6   probate court in California to do so, which he expected to obtain within three months.[9]  I thus set

7   a follow-up telephonic status conference for January 25, 2016.

8        At the January 2016 conference, Simon informed me that his petition to the California

9   probate court was unopposed and set for hearing in February 2016.[10]  Simon anticipated being in

10  a position to move for default judgment against Strickland within two months after that hearing

11  or to move to bifurcate the claims of the two Trusts and proceed to judgment only on behalf of

12  the Leo Winer Revocable Trust.[11]  I therefore continued the status conference to March 2016.[12]

13       Simon informed me during the March 2016 conference that he was having difficulty

14  conferring with Barbagallo and requested a 45-day continuance so that Barbagallo could

15  determine whether her counsel, Richard Barnett, or someone else would represent the Michael J.

16  Pepitone Trust in this case.[13]  To move this case along: rather than continue the status conference

17  a fourth time, I ordered that if the Michael J. Pepitone Trust (or Barbagallo on its behalf) had not

18  filed a substitution of counsel to replace Simon by May 9, 2016, then Simon should file a motion

19  to withdraw as counsel for that trust and motion to bifurcate the claims of that trust from the

20  _____

21  [7] *Id.* at 1–2.

22  [8] ECF No. 48 (minutes of proceedings).

23  [9] *Id.*

24  [10] ECF No. 50 (minutes of proceedings).

25

26  [11] *Id.*

27  [12] *Id.*

28  [13] ECF No. 51 (minutes of proceedings).

1    claims of the Leo Winer Revocable Trust.[14]  The May 7, 2016, deadline has passed and no filing

2    has been made by or on behalf of the Michael J. Pepitone Trust.  Accordingly,

3           IT IS HEREBY ORDERED that the **Leo Winer Revocable Trust has until June 14,**

4    **2016,** to: (1) file a motion under FRCP 17 substituting or joining its current trustee as the real

5    party in interest on its behalf in this case and (2) file a motion under FRCP 42 to bifurcate the

6    claims on behalf of the Leo Winer Revocable Trust from the claims on behalf of the Michael J.

7    Pepitone Trust.  **If the Leo Winer Revocable Trust fails to join or substitute its current**

8    **trustee as the real party in interest and move to bifurcate its claims from those of the**

9    **Michael J. Pepitone Trust by June 14, 2016, it claims in this case will be dismissed without**

10   **prejudice and without further prior notice.**

11          IT IS FURTHER ORDERED that **William J. Simon and Leah A. Martin have until**

12   **June 14, 2016,** to file motions to withdraw as counsel for the Michael J. Pepitone Trust.

13          IT IS FURTHER ORDERED that the **Michael J. Pepitone Trust has until June 14,**

14   **2016,** to join or substitute its current trustee as the real party in interest on its behalf in this case

15   or to show cause why this case should not be dismissed under FRCP 17 for failure to prosecute in

16   the name of the real party in interest and under LR 41-1 for want of prosecution.  **If the Michael**

17   **J. Pepitone Trust does not join or substitute its current trustee as the real party in interest**

18   **or file a document showing good cause by June 14, 2016, its claims in this case will be**

19   **dismissed without prejudice and without further prior notice.**

20          IT IS FURTHER ORDERED that **William J. Simon and Leah A. Martin** must serve a

21   copy of this order on Diane Barbagallo and her counsel, Richard Barnett, **by May 23, 2016.**

22          DATED: May 17, 2016

23          _____

24          Jennifer A. Dorsey
            United States District Judge

25

26

27   _____

28   [14] *Id.*