UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Leo Winer, et al.,<br><br>     Plaintiffs<br><br>v.<br><br>Steven A. Strickland., et al.,<br><br>     Defendants | 2:13-cv-00231-JAD-CWH<br><br>**Order Denying Without Prejudice Motion for Default Judgment**<br><br>[ECF No. 59] |

    The Leo Winer Trust and the Michael J. Pepitone Trust jointly move for default judgment against Paul Strickland. At a status conference held the day the motion was filed, plaintiffs' counsel advised the court that they would be filing an errata to the motion to request separate judgments for each plaintiff. No errata has been filed, and the motion has several other deficiencies. I therefore deny the motion without prejudice and give plaintiffs until April 10, 2017, to file a renewed motion for default judgment curing these deficiencies and requesting separate judgments for each plaintiff.

    Though plaintiffs analyze the *Eitel* factors in their motion, they do so in a conclusory fashion. For example, obtaining a default judgment requires plaintiffs to prove that they have stated a claim on which they may recover. Plaintiffs' complaint contains 18 claims for relief, but plaintiffs make no attempt to articulate which of these are sufficiently plead or why. They also do not identify which claims entitle them to which relief. In their renewed motion, plaintiffs must identify which claim or claims supports each request for relief and explain why these claims are sufficiently plead and entitle plaintiffs to that relief.

    Plaintiffs also do not cite to the complaint or offer evidence to substantiate their default-judgment arguments. They cite exhibits that plaintiffs presumably intended to attach to the motion, but the motion has no exhibits. In their renewed motion, plaintiffs must cite facts in the complaint—which have been deemed admitted by virtue of Strickland's default—or other evidence to support their factual assertions. As to their proof of damages, plaintiffs cross-

reference exhibits attached to other motions.  Plaintiffs must attach the exhibits on which they rely to their renewed motion because I will not cross-reference exhibits attached to other filings.[1]

Finally, plaintiffs' request for attorney's fees does not comply with Local Rule 54-14 because it is not supported by an attorney affidavit or a reasonable itemization and description of the work performed, nor does it address any of the factors listed under L.R. 54-14(3).  Plaintiffs must consult Local Rule 54-14 if they choose to reurge this request.[2]

Because this is plaintiffs' first motion for default judgment, I will allow them a chance to cure these deficiencies.  Plaintiffs have until April 10, 2017, to file a renewed motion for default judgment and rule-compliant request for attorney's fees.  If a renewed motion is not filed by this deadline, I will close this case without further notice.  Accordingly,

IT IS HEREBY ORDERED that the motion for default judgment [ECF No. 59] is DENIED without prejudice to the filing of a renewed motion by April 10, 2017.

DATED: March 30, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[1] Plaintiffs' lawyers also attempt to improperly authenticate an e-mail to one of the deceased plaintiffs by stating in the motion that the referenced e-mail is a "true and correct copy" of the e-mail.  Plaintiffs' lawyers do not sufficiently establish that they have the necessary personal knowledge to authenticate this document.

[2] Plaintiffs argue their entitlement to attorney's fees and request that the court order Strickland to pay plaintiffs' costs "in the amount of supported by a subsequently filed Supplement including a Memorandum of Costs, and an Affidavit supporting the fees requested."  No supplement was filed, and I will not rule on plaintiffs' request for fees without the necessary documentation and briefing.  *See, e.g.*, Local Rule 54-14.